T.C. Memo. 2018-89

UNITED STATES TAX COURT

GARY GASKIN AND JESSIE GASKIN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7475-17.                    Filed June 20, 2018.

Gary Gaskin and Jessie Gaskin, pro sese.

<u>Alicia A. Mazurek</u> and <u>Robert D. Heitmeyer</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

BUCH, <u>Judge</u>:  Mr. Gaskin filed fraudulent returns, which he admits.  He later filed amended returns reporting additional income.  The Commissioner processed those amended returns and determined deficiencies in tax beyond what was shown on those amended returns along with fraud penalties.  Mr. Gaskin disputes the fraud penalties.  We find for the Commissioner.

[*2]                                    FINDINGS OF FACT

The facts of this case are undisputed.  Mr. Gaskin filed fraudulent tax returns for 2008 through 2011.  With the intent to evade tax, Mr. Gaskin omitted income from each of those returns.  The Commissioner selected the returns for examination, and that examination led to a criminal investigation, indictment, and plea agreement.  The criminal investigation began in 2012, with the indictment and plea agreement both taking place in 2015.

In August 2014, while under criminal investigation, Mr. Gaskin filed Forms 1040X, Amended U.S. Individual Income Tax Return, for 2008 through 2011.  Those amended returns reported, in aggregate, more than $400,000 of additional adjusted gross income and more than $100,000 of additional tax.  In 2016 the Commissioner assessed the tax shown on those amended returns.

When Mr. Gaskin entered into the plea agreement in 2015, he agreed to amounts of adjusted gross income and tax that differed from those reported on his previously filed amended returns.  The Commissioner eventually issued a notice of deficiency in which he determined deficiencies for 2008, 2010, and 2011 and fraud penalties under section 6663 for 2008 through 2011.[1]  The underpayments

---

[1]All section references are to the Internal Revenue Code (Code) in effect for the years in issue.

[*3] on which the fraud penalties were calculated were based on the differences between Mr. Gaskin's tax liabilities as determined in the notice of deficiency and those reported on his original fraudulent returns. While residing in Michigan, Mr. Gaskin filed a timely petition.

We held a trial on March 21, 2018, in Detroit, Michigan. At trial Mr. Gaskin admitted to filing fraudulent returns. He does not contest the deficiencies in tax determined in the notice of deficiency. He contests only the penalties under section 6663.

## OPINION

Mr. Gaskin does not dispute the deficiencies in tax; however, he disputes the fraud penalties. Mr. Gaskin argues that the comparatively modest tax adjustments shown in the notice of deficiency were not attributable to his fraud but to his honest mistakes. From his perspective the notice of deficiency makes tax adjustments by comparing Mr. Gaskin's correct tax liabilities with the amounts reported on his amended, nonfraudulent returns. He observes what he considers to be an inconsistency in that the fraud penalties are computed by comparing Mr. Gaskin's correct tax liabilities with the amounts shown on his original, fraudulent returns. Because in his view the notice of deficiency is predicated on the nonfraudulent returns, he reasons that the fraud penalties should not apply.

[*4]   Section 6663 imposes a penalty equal to 75% of any portion of an underpayment that is attributable to fraud.  Under section 6664(a) an underpayment is defined as the amount by which any tax imposed by the Code exceeds the sum of the amount of tax shown by the taxpayer on his return, plus the amounts previously assessed or collected without assessment over the amount of rebates, which include abatements, credits, refunds, and other payments to the taxpayer.

The regulations clarify the effect of an amended return on a previously filed fraudulent return for the purposes of determining an underpayment.  Under section 1.6664-2(c)(2), Income Tax Regs., the amount shown on an amended return is not included in the "amount shown as the tax by the taxpayer on his return" for establishing the amount of the underpayment in determining the fraud penalty under section 6663.

Courts at every level have held that a taxpayer who filed a fraudulent return cannot avoid the fraud penalty by filing an amended return.  In Badaracco v. Commissioner, 464 U.S. 386, 394 (1984), the U.S. Supreme Court held that "a taxpayer who submits a fraudulent return does not purge the fraud by subsequent voluntary disclosure; the fraud was committed, and the offense completed, when the original return was prepared and filed."  In Badaracco the taxpayer argued that

**[*5]** an amended return restarted the period of limitations for that year.  While the facts in this case differ, the same principle applies.  In <u>Brown v. Commissioner</u>, T.C. Memo. 1996-416, 72 T.C.M. (CCH) 620 (1996), we held that a taxpayer was liable for a fraud penalty even after he filed an amended return.  The subsequent filing of an amended return after an audit had begun did not purge the original fraudulent filing or fraudulent intent.

In his plea agreement Mr. Gaskin admitted to filing fraudulent returns.  He agreed that from 2008 to 2011 he underpaid his taxes by over $100,000 and that the underpayment for each year was due to fraud.  As a result the fraud penalty applies to each of the fraudulent returns.  An amended return cannot erase the fraud he committed.

<u>Decision will be entered for</u> <u>respondent</u>.